IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE:<br><br>Lucas Allen Hester<br><br>Debtor. | Case No.: 22-12523<br><br>Chapter 7 |
| **LUCAS ALLEN HESTER,**<br><br>PLAINTIFF,<br><br>VS.<br><br>**U.S. DEPARTMENT OF EDUCATION,**<br><br>DEFENDANT. | Adversary Case No.: |

## COMPLAINT

Plaintiff Lucas Allen Hester files this Complaint against Defendant U.S. Department of Education on personal knowledge as to Plaintiff's own acts and upon information and belief as to all other matters, as follows:

### JURISDICTION AND VENUE

This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C § 157(b). This is a core proceeding under title 11 because it concerns a determination as to the dischargeability of a debt.

This Adversary Proceeding is brought pursuant to 11 U.S.C § 523(a)(8), 15 U.S.C § 1601, 15 U.S.C. § 1692 and Federal Rules of Bankruptcy Procedure Rule 7001.

Venue is proper in the Southern District of Alabama pursuant to 28 U.S.C. § 1409 because this matter arises in and is related to a bankruptcy case in this district.

## PARTIES

1. Plaintiff is a natural person and resident of Mobile County, Alabama. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

2. Plaintiff is also Debtor in Case Number 22-12523, presently pending in this Court.

3. Defendant U.S. Department of Education is formed outside the State of Alabama, with its headquarters in <u>Washington D.C.</u>, and can be served at <u>400 Maryland Avenue, SW, Washington, D.C. 20202</u>.

## FACTUAL AND PROCEDURAL BACKGROUND

**A.   Background of the Problem**

4. The federal student loan program was originally designed in response to Sputnik. After the successful launch of the Soviet rocket, the U.S. government became worried that the Russians were outpacing Americans in science and math education. In order to make Americans more competitive in the space race, the government authorized the creation of the National Defense Education Act in 1958 and the Guaranteed Student Loan Program (now the Stafford Loan) in 1965.

5. Even by the 1970s, few students needed loans to go to college. The average cost of tuition was only $2,587.00 and the average debt for a medical student was only $13,469.00. With Pell grants, scholarships, and summer jobs, even kids from lower-income backgrounds could often make it through college debt free. But largely in response to anecdotal evidence about a few dishonest lawyers filing for bankruptcy immediately after graduation, Congress made student loans presumptively non-dischargeable in bankruptcy for the first five years of repayment, unless excepting such discharge would impose an "undue hardship" on the debtor or his dependents. Although this rule was at odds with the fundamental purpose of the bankruptcy code, it was perhaps a reasonable exception as it only applied to the first five years of repayment.

6. Congress did not define "undue hardship" in 1978 but instead left that determination to the courts. Over the next thirty years, courts wrestled with meaning of "undue hardship," creating and discarding nearly a dozen test, working within and without the text of the statute, now commingling the court's equitable powers under section 105 with the court's mandate under section 523(a)(8), now refusing to do so. Over time, two tests have emerged triumphant from the cauldron of judicial lawmaking: the Brunner Test ("Brunner") and the Totality of the Circumstances Test ("TOC"). These two tests are supplemented with wide disagreement over whether courts are permitted to discharge one of several loans, a practice known as "partial discharge."

7. After Brunner and TOC had codified the meaning of "undue hardship," Congress amended section 523(a)(8) in two chief ways: (1) abolishing the five year time frame and making student loans non-dischargeable in perpetuity; and (2) adding subsection 523(a)(8)(B) which excepted from discharge qualified private student loans. The problem with these amendments is that the "undue hardship" standards were created when courts were only charged with determining whether repayment of federally insured loans with capped interest rates during the first five years would constitute an undue hardship. Both Brunner and the Totality of the Circumstances test are therefore incredibly harsh because courts knew that after five years, the debt could be discharged without any showing of additional financial strain whatsoever.

8. Finally, the Justice Department on November 17, 2022 issued guidelines for a fairer and more accessible bankruptcy discharge process for student loan borrowers. The Associate Attorney General Vaita Gupta stated "Today's guidance outlines a better, fairer, more transparent process for student loan borrowers in bankruptcy. It will allow the Justice Department attorneys to more easily identify cases in which we can recommend discharge of a borrower's student loans.

We are grateful to the Department of Education for its partnership in developing this guidance." (Office of the Associate Attorney General, Press Release Number: 22-1231)

9. The new guidelines spell out what factors the Justice Department will review. Those include but are not limited to a Debtors: (1) Present ability to pay, (2) Future ability to pay and (3) Good faith efforts. Other factors will be reviewed and a comprehensive procedure where documentation can be shared between the Debtors and the Justice Department attorneys will aid in the determination if a recommended discharge of the debt is appropriate.

10. Although Brunner/TOC is binding precedent in this Circuit, the Plaintiff prays that this Court reconsider the applicability of that precedent given the changing legal landscape of section 523(a)(8) since the time Brunner/TOC was enacted and particularly considering the new Justice Department guidelines that were recently enacted.

**B. Plaintiff Files for Bankruptcy**

11. Plaintiff borrowed $98,750.00 from Defendant in order to attend the University of Mobile between 2009 and 2016.

12. Owing to circumstances beyond his control, Plaintiff filed for bankruptcy in this Court on December 9, 2022.

13. Plaintiff's total student debt is now $126,003.00. Plaintiff's current income is $2,508.83 per month.

14. Plaintiff's student loans are currently in deferment.

**COUNT I**
**(DETERMINATION OF DISCHARGEABILITY)**

15. Plaintiff re-alleges and incorporates by reference all of the allegations contained in all of the preceding paragraphs.

18. Plaintiff is entitled to discharge of his student loan debt, either in whole or in part,

because repayment would constitute an "undue hardship".

19. Plaintiff meets the standard for undue hardship as articulated in Brunner/Totality of the Circumstances and/or by the new Justice Department guidelines recently released.

20. Accordingly, Plaintiff prays this Court discharge his student debt in part or in total.

## PRAYER

22. In light of the foregoing, Plaintiff requests that judgment be entered against Defendant for:

(1) declaratory and injunctive relief;

(2) determination of dischargeability;

(3) other such relief as the Court deems just and proper.

**RESPECTFULLY** submitted on this the 6th day of January, 2023.

/s/ James D. Patterson
JAMES D. PATTERSON (PATTJ6485)
JAMES PATTERSON LLC
Attorney for Plaintiff
2153 Airport Boulevard
Mobile, Alabama 36606
Telephone: (251) 432-9212
E-mail: jdp@jamespattersonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify on January 6, 2023, that a true and correct copy of the foregoing document was served on the following parties as set forth herein:

The following party was served by electronic mail through the Court's CM/ECF system:
- Terrie S. Owens, Chapter 7 Trustee

The following party was served via certified mail:
- U.S. Department of Education, 400 Maryland Avenue SW, Washington, D.C. 20202

The following parties were served via first class mail:
- MOHELA, 633 Spirit Drive, Chesterfield, MO 63005-1243
- Keith Jones, Civil Chief, U.S. Attorney Office, Southern District of Alabama, 63 S Royal Street #600, Mobile, AL 36602
- Civil Process Clerk, United States Attorney's Office, 555 Fourth Street NW, Washington, D.C. 20530

/s/ James D. Patterson
JAMES D. PATTERSON