UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br><br>Lucas A. Hester,<br><br>    Debtor. | Case No. 22-12523-HAC-7 |
| Lucas A. Hester,<br><br>    Plaintiff,<br><br>v.<br><br>United States Department of Education,<br><br>    Defendant. | Adv. Proc. No. 23-1002-HAC |

**STIPULATION AND JOINT MOTION**
**FOR ORDER DETERMINING DISCHARGEABILITY**

Plaintiff, Lucas A. Hester, and the United States of America, by and through the United States Attorney for the Southern District of Alabama, Sean P. Costello, on behalf of the United States Department of Education (USDE), respectfully stipulate to the following facts and conclusions and jointly move the Court for a determination that Plaintiff's student loan debts that are the subject of this adversary proceeding are partially dischargeable under 11 U.S.C. § 523(a)(8). As grounds, the parties submit:

**Background Facts**

*I.    Plaintiff's bankruptcy case*

    1.    Plaintiff filed his voluntary chapter 7 bankruptcy petition on December 9, 2022. [Bankr. Case No. 22-12523, Doc. 1].

2. The Chapter 7 Trustee filed her Report of No Distribution in that case on January 10, 2023, abandoning $2,000.00 in assets and acknowledging exempt assets valued at $1,775.00. [Bankr. Case No. 22-12523, Doc. 11].

3. The Court entered its order granting Plaintiff's discharge under 11 U.S.C. § 727 on March 14, 2023. [Bankr. Case No. 22-12523, Doc. 13].

4. Meanwhile, on January 6, 2023, Plaintiff filed this adversary proceeding to determine the dischargeability of his student loan debts to USDE. [Doc. 1].

II. *Plaintiff's student loan history*

5. Between 2009 and 2016, Plaintiff borrowed $93,250.00 in Direct Stafford Loans and $5,500 in FFEL loans to attend the University of Mobile in Mobile, Alabama:

6. As of January 13, 2023, the balance of the student loan debts totaled $126,001.45:

*DIRECT STAFFORD LOANS*

| Debt Number | Disbursed Date | Disbursed Amount | Principal | Interest Rate | Accrued Interest | Total |
|---|---|---|---|---|---|---|
| DLUNST 12 | 08/30/2016 | $10,250 | $10,661.12 | 5.31% | $1,478.37 | $12,139.49 |
| DLUNST 11 | 09/01/2015 | $20,500 | $22,392.70 | 5.84% | $3,430.46 | $25,823.16 |
| DLUNST 10 | 09/02/2014 | $20,500 | $23,790.76 | 6.21% | $3,885.71 | $27,676.47 |
| DLUNST 9 | 09/03/2013 | $20,500 | $24,475.76 | 5.41% | $3,461.41 | $27,937.17 |
| DLSTFD 7 | 09/04/2012 | $5,500 | $5,593.23 | 3.40% | $0.49 | $5,593.72 |
| DLUNST 8 | 09/04/2012 | $2,000 | $2,623.18 | 6.80% | $470.73 | $3,093.91 |
| DLSTFD 5 | 08/30/2011 | $5,500 | $5,500.00 | 3.40% | $0.51 | $5,500.51 |
| DLUNST 6 | 08/30/2011 | $2,000 | $2,760.73 | 6.80% | $495.25 | $3,255.98 |
| DLSTFD 3 | 08/26/2010 | $4,500 | $4,500.00 | 4.50% | $0.52 | $4,500.52 |
| DLUNST 4 | 08/26/2010 | $2,000 | $2,897.31 | 6.80% | $519.79 | $3,417.10 |

*FFEL LOANS*

| Debt Number | Disbursed Date | Disbursed Amount | Principal | Interest Rate | Accrued Interest | Total |
|---|---|---|---|---|---|---|
| STFFRD 1 | 09/10/2009 | $3,500 | $3,500.00 | 5.60% | $0.05 | $3,500.05 |
| UNSTFD 2 | 09/10/2009 | $2,000 | $3,031.47 | 6.80% | $531.90 | $3,563.37 |

7. Plaintiff seeks a determination that all of these student loans are dischargeable.

III. *Plaintiff's current standard of living*

8. Plaintiff is a 32-year-old married man, employed as an in-home therapist. Currently, Plaintiff and his wife, who is a waitress, share a living space with roommates to defray living expenses. Plaintiff's income is fixed for his position with his current employer, and his salary is competitive with the Mobile regional market. There is little room for advancement, and advancement does not carry substantial pay increases.

9. Plaintiff's gross income (combined with his wife) totals $4,439.78, comprised of $3,434.92 from his employment and $1,004.86 from his wife's waitress work.

10. The Internal Revenue Service (IRS) Collection Financial Standards allowance for two persons totals $1,464.00 per month for the National Standards Living Expenses effective April 24, 2023. Plaintiff's monthly payroll deductions total $1,095.05. His monthly housing costs total $765.00, and his monthly transportation costs total $799.54, which are well below the Local Standards allowances. Plaintiff also claims a monthly expense of $300 labeled "wife's bills," which includes the minimum monthly payment on two credit cards. Credit card payments are not generally considered as reasonable and necessary expenses. Without the "wife's bills," Plaintiff's monthly expenses total $4,123.59.

11. Plaintiff also points out that his current living situation (with roommates) is undesirable, and Plaintiff and his wife would like to purchase a home together. Their current financial circumstances could not absorb making any payment while also purchasing a home.

12. Based on this analysis, Plaintiff shows a positive net monthly cash flow of $316.19 before making any payment on his student loan debt. On his current income, Plaintiff can maintain a minimal standard of living under IRS's National Standards and make some limited payment toward his student loan debts. However, USDE acknowledges that Plaintiff's standard repayment plan payment would be approximately $1,374.76, which Plaintiff clearly cannot pay.

13. On his current income, Plaintiff cannot maintain a minimal standard of living under IRS's National Standards and make a payment greater than $316.19 toward his student loan debts.

*IV. Plaintiff's future ability to pay*

14. Plaintiff obtained student loans to attend the University of Mobile. Plaintiff received a degree and is employed within his field of study.

15. Regarding his current employment, Plaintiff attests:

*I am capable of moving into supervisory positions at my current place of employment. However, pay raises for these positions are still only marginal - the primary issue being that my employer AltaPointe aggressively expanded in the 2000s and early 2010s, acquiring most community mental health competition (e.g. Searcy) and establishing the pay rate for positions such as ours for most locations in the region and much of both our state and neighboring states. While this allows some flexibility in where I can work without risk of taking on a job with an unfamiliar company, it limits pay prospects.*

*There is also the option of moving into private practice, which pays more. But whether one chooses to go the way of leasing their own office, employing their own staff, etc. or working with a group such as Collins Counseling where one pays a recurring fee to rent and make use of a shared space / staff, there is of course the added expenses of the aforementioned, plus needing to pay for your*

*own continued education credits in order to maintain licensure (LMFT in my case), liability insurance, medical insurance, retirement of some form (IRA, etc), and so on. So costs scale with pay increase. As well, pay is not static or guaranteed; working with AltaPointe, I get paid a salary, but working private practice, you get paid per client seen and service rendered, and that's only if you can get the clients in the door in the first place. As such, private practice also has to take into consideration advertising costs, even sometimes when working with a group like Collins Counseling.*

16. USDE agrees that Plaintiff provided a reasonable explanation that his financial condition is not likely to change and that his inability to repay the student loan debts while maintaining a minimal standard of living will likely persist for a significant portion of the repayment period.

V. Plaintiff's previous student loan payments

17. Plaintiff is enrolled in an Income Driven Repayment Plan.

18. Plaintiff recalls speaking with agents on the phone and sending documentation to remain enrolled in a program. His income was beneath the threshold for IDR, so he has not been required to make any payments.

19. Plaintiff has made good faith efforts in the past to repay the student loans.

**Legal Analysis**

Student loans debts are generally not to be discharged under the Bankruptcy Code. 11 U.S.C. § 523(a)(8). However, a narrow exception exists where "excepting such debt from discharge . . . will impose an undue hardship on the debtor and the debtor's dependents." Id. While the Bankruptcy Code does not define "undue hardship," the Eleventh Circuit has joined the significant majority of other circuits in adopting the standard set forth in *Brunner v. New York State Higher Education Services Corp.*, 831 F.2d 395, 396 (2d Cir. 1987). *In re Cox*, 338 F.3d 1238, 1241-42 (11th Cir. 2003). The *Brunner* test requires the debtor to show:

> "(1) that the debtor cannot maintain, based on current income and expenses, a 'minimal' standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans."

*Graddy v. Educ. Credit Mgmt. Corp. (In re Graddy)*, 852 F.App'x 509, 512 (11th Cir. 2021) (quoting *In re Cox*, 338 F.3d at 1241). The debtor must prove that all three *Brunner* factors are met by a preponderance of the evidence. *In re Mosley*, 494 F.3d 1320, 1324 (11th Cir. 2007). However, "the bankruptcy court must make an independent determination of undue hardship . . . even if the creditor fails to object or appear in the adversary proceeding." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 278 (2010).

The Eleventh Circuit has not foreclosed the possibility of a partial discharge of student loans but has held that such a discharge would still have to be supported by a finding of undue hardship. *Cox*, 338 F.3d at 1242 ("There is no other language within § 523(a)(8) that could reasonably be construed to permit a discharge, partial or otherwise, absent a finding of 'undue hardship.'"). Other courts considering a partial discharge have held that "discharging some, but not all, student loans, is not a 'partial discharge.'" *Clark v. Wells Fargo Bank, N.A. (In re Clark)*, Nos. 15-42603-BEM, 18-4012, 2021 Bankr. LEXIS 3257, at *2 n.1 (Bankr. N.D. Ga. Nov. 29, 2021) (citing *Andresen v. Nebraska Std Loan Program, Inc.*, 232 B.R. 127, 136-37 (B.A.P., 8th Cir. 1999)).

Here, the parties agree that Plaintiff has satisfied the *Brunner* test and shown that excepting all of Plaintiff's student loan debts from discharge will impose an undue hardship on Plaintiff and his wife. Specifically, the parties agree that:

(1) Based on Plaintiff's current gross monthly income of $4,439.78 measured against his housing expenses and the monthly expense allowances under

IRS's National and Local Standards for Living Expenses, which total $4,123.59, Plaintiff cannot maintain a minimal standard of living and also make the required total monthly payment toward his student loan debts;

(2) Based on Plaintiff's explanation that his financial condition is not likely to change significantly, Plaintiff's inability to repay all of his student loan debts while maintaining a minimal standard of living will likely persist for a significant portion of the repayment period; and

(3) Based on Plaintiff being enrolled in an Income Driven Repayment Plan, Plaintiff has made good faith efforts in the past to repay the student loan debts.

Therefore, the parties jointly move the Court for an order determining that Plaintiff's following student loan debts are dischargeable under 11 U.S.C. § 523(a)(8):

| Debt Number | Disbursed Date | Disbursed Amount | Principal | Interest Rate | Accrued Interest | Total |
|---|---|---|---|---|---|---|
| DLUNST 12 | 08/30/2016 | $10,250 | $10,661.12 | 5.31% | $1,478.37 | $12,139.49 |
| DLUNST 11 | 09/01/2015 | $20,500 | $22,392.70 | 5.84% | $3,430.46 | $25,823.16 |
| DLUNST 10 | 09/02/2014 | $20,500 | $23,790.76 | 6.21% | $3,885.71 | $27,676.47 |
| DLUNST 8 | 09/04/2012 | $2,000 | $2,623.18 | 6.80% | $470.73 | $3,093.91 |
| DLUNST 6 | 08/30/2011 | $2,000 | $2,760.73 | 6.80% | $495.25 | $3,255.98 |
| DLSTFD 5 | 08/30/2011 | $5,500 | $5,500.00 | 3.40% | $0.51 | $5,500.51 |
| **TOTAL** | | **$60,750** | **$67,728.49** | | **$9,761.03** | **$77,489.52** |

## Conclusion

Based on the foregoing, the parties respectfully request that the Court enter an order:

1. Determining that Plaintiff's student loan debts listed above as Loan Nos. 5, 6, 8, 10, 11, and 12 are dischargeable under 11 U.S.C. § 523(a)(8);

2. Finding that the Court's order granting Plaintiff's discharge under 11 U.S.C. § 727 on March 14, 2023, in Bankr. Case No. 22-12523 at Doc. 13 discharges Plaintiff's student loan debts listed above and Loan Nos. 5, 6, 8, 10, 11, and 12; and

3. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

| FOR PLAINTIFF | FOR USDE |
|---|---|
| | SEAN P. COSTELLO |
| SOLON LAW, LLC | UNITED STATES ATTORNEY |
| | |
| *s/Dragan Stojanovic (with permission)* | By: *s/Keith A. Jones* |
| Dragan Stojanovic | Keith A. Jones |
| 1610 Government St. | Assistant United States Attorney |
| Mobile, AL 36604 | 63 South Royal Street, Suite 600 |
| (251) 441-1925 (Telephone) | Mobile, Alabama 36602 |
| (251) 441-1924 (Fax) | Telephone: (251) 415-7206 |
| dragan@solonlaw.net | keith.jones2@usdoj.gov |

## CERTIFICATE OF SERVICE

      I hereby certify that on February 21, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                        *s/Keith A. Jones*
                                        Keith A. Jones