UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In re:

Lucas A. Hester,

        Debtor.

Case No. 22-12523-HAC-7

Lucas A. Hester,

        Plaintiff,

v.

United States Department of Education,

        Defendant.

Adv. Proc. No. 23-1002-HAC

ORDER

This matter came before the Court on the parties' Stipulation and Joint Motion for Order Determining Dischargeability [Doc. 22]. Upon consideration of the Stipulation and Joint Motion, the record and the statements of counsel, the Court finds as follows:

Though student loan debts are generally not to be discharged under the Bankruptcy Code, a narrow exception exists where "excepting such debt from discharge . . . will impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. § 523(a)(8). The Eleventh Circuit has joined the significant majority of other circuits in adopting the standard set forth in *Brunner v. New York State Higher Education Services Corp.*, 831 F.2d 395, 396 (2d Cir. 1987) to determine when an "undue hardship" exists. *In re Cox*, 338 F.3d 1238, 1241-42 (11th Cir. 2003). The *Brunner* test requires the debtor to show:

> "(1) that the debtor cannot maintain, based on current income and expenses, a 'minimal' standard of living for herself and her dependents if forced to repay the

loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans."

*Graddy v. Educ. Credit Mgmt. Corp. (In re Graddy)*, 852 F.App'x 509, 512 (11th Cir. 2021) (quoting *In re Cox*, 338 F.3d at 1241). The debtor must prove that all three *Brunner* factors are met by a preponderance of the evidence. *In re Mosley*, 494 F.3d 1320, 1324 (11th Cir. 2007). However, "the bankruptcy court must make an independent determination of undue hardship . . . even if the creditor fails to object or appear in the adversary proceeding." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 278 (2010).

The Eleventh Circuit has not foreclosed the possibility of a partial discharge of student loans but has held that such a discharge would still have to be supported by a finding of undue hardship. *Cox*, 338 F.3d at 1242 ("There is no other language within § 523(a)(8) that could reasonably be construed to permit a discharge, partial or otherwise, absent a finding of 'undue hardship.'"). Other courts considering a partial discharge have held that "discharging some, but not all, student loans, is not a 'partial discharge.'" *Clark v. Wells Fargo Bank, N.A. (In re Clark)*, Nos. 15-42603-BEM, 18-4012, 2021 Bankr. LEXIS 3257, at *2 n.1 (Bankr. N.D. Ga. Nov. 29, 2021) (citing *Andresen v. Nebraska Std Loan Program, Inc.*, 232 B.R. 127, 136-37 (B.A.P., 8th Cir. 1999)).

Here, the parties agree that Plaintiff has satisfied the *Brunner* test and shown that excepting all of Plaintiff's student loan debts from discharge will impose an undue hardship on Plaintiff and his spouse. Specifically, the parties agree that:

(1) Based on Plaintiff's current gross monthly income of $4,439.78 measured against his housing expenses and the monthly expense allowances under IRS's National and Local Standards for Living Expenses, which total

2

Case 23-01002    Doc 26    Filed 03/01/24    Entered 03/01/24 08:10:24    Desc Main
Document    Page 2 of 4

$4,123.59, Plaintiff cannot maintain a minimal standard of living and also make the required total monthly payment toward his student loan debts;

(2) Based on Plaintiff's explanation that his financial condition is not likely to change significantly, Plaintiff's inability to repay all of his student loan debts while maintaining a minimal standard of living will likely persist for a significant portion of the repayment period; and

(3) Based on Plaintiff being enrolled in an Income Driven Repayment Plan, Plaintiff has made good faith efforts in the past to repay the student loan debts.

Therefore, the Court agrees that excepting all of Plaintiff's student loan debts from discharge will impose an undue hardship on Plaintiff and his spouse. Accordingly, the Court GRANTS the parties' joint motion and ORDERS as follows:

1. Plaintiff's student loan debts, identified in the joint motion as Loan Nos. 5, 6, 8, 10, 11, and 12, and listed here are dischargeable under 11 U.S.C. § 523(a)(8):

| Debt Number | Disbursed Date | Disbursed Amount | Principal | Interest Rate | Accrued Interest | Total |
| --- | --- | --- | --- | --- | --- | --- |
| DLUNST 12 | 08/30/2016 | $10,250 | $10,661.12 | 5.31% | $1,478.37 | $12,139.49 |
| DLUNST 11 | 09/01/2015 | $20,500 | $22,392.70 | 5.84% | $3,430.46 | $25,823.16 |
| DLUNST 10 | 09/02/2014 | $20,500 | $23,790.76 | 6.21% | $3,885.71 | $27,676.47 |
| DLUNST 8 | 09/04/2012 | $2,000 | $2,623.18 | 6.80% | $470.73 | $3,093.91 |
| DLUNST 6 | 08/30/2011 | $2,000 | $2,760.73 | 6.80% | $495.25 | $3,255.98 |
| DLSTFD 5 | 08/30/2011 | $5,500 | $5,500.00 | 3.40% | $0.51 | $5,500.51 |
| TOTAL | | $60,750 | $67,728.49 | | $9,761.03 | $77,489.52 |

2. Because the Court entered its order granting Plaintiff's discharge under 11 U.S.C.

   § 727 on March 14, 2023 [Bankr. Case No. 22-12523, Doc. 13] the student loan debts

   listed above as Loan Nos. 5, 6, 8, 10, 11, and 12 are discharged.

Dated:   March 1, 2024

_____
HENRY A. CALLAWAY
U.S. BANKRUPTCY JUDGE

Order prepared by:
Keith A. Jones, AUSA
Consented to by: Dragan Stojanovic, Counsel for Plaintiff